shall I begin your honor this is a case with many layers and I'm going to begin with what we regard as the bottom a fundamental layer and that is our motion for specific performance in this case and you're still my son I'm still my restaurant I'm sorry your honor I've been thinking a lot about this case my son appearing for mr. Avery I will give with the interpretation of the plea agreement in the section marked headed what the government agrees to do the government said it would not prosecute mr. Avery so long as he did not breach the plea agreement it says that he breached because he sought 2255 relief based on a ground that he did not preserve from waiver in the plea agreement and I want to just talk a little bit about what this plea agreement actually said it said he wouldn't be prosecuted as long as he made a guilty plea to honest services fraud and that involved in this case admitting a breach of his fiduciary duty self-dealing self-profiting and having this conflict of interest with the interests of the trust the plea agreement is silent on whether he has to admit money property fraud based on fraudulent statements or misrepresentations silent on that point he has to agree not to do a direct appeal and he didn't do a direct appeal and as I said there are certain waivers that he made to a 2255 petition and the government interprets that as meaning if he comes in and says the conduct I admitted does not in fact constitute honest services fraud that that's a breach it's pretty fundamental respectfully to collateral attack in this case that a defendant has to have the right to come in and say my conduct which I admitted and I don't repudiate does not constitute the crime of my conviction that meant that my confinement is unlawful I'm with you so far okay and I agree that filing a 2255 is not in and of itself obviously a breach of the agreement and we have the unusual case here where the underlying law shifts but what I think I'd like you to zero in on is when the individual recants the actual statements as in terms of admissions that were made in the plea as opposed to the larger legal question which is challenged on the 2255 and I think that your honor is referring to the very lengthy affidavit that mr. Avery lodged under seal with his original petition and there are two responses to that the critical thing he had to admit and that he did not repudiate was that he had a conflict of interest with the trust that is this loan was guaranteed by trust assets and he didn't arrange to repay it there was it supposed to be a repayment agreement drafted and he didn't do that he never said I did that he didn't repudiate that he failed the trust in that regard remember that he had to that we now know that honest services fraud has as its core the admission of taking of a kickback or a bribe and there's sort of these hints in the information in this case that the project to to do a I think that that's sort of the tenor of the information and he what he did say and that's okay because he's saying I'm this didn't make me innocent is I didn't take any kickbacks I didn't take any bribes I didn't give any kickbacks I didn't give any bribes I ask you and I know where you're walking a fine line here because there are some sealed documents what about statements regarding the mortgage the mortgage well I think that what this brings in I think mr. Kane and his con my clients contact with mr. Kane in terms of operating the project itself and the response is that he this to me is part of admitting an intentional deception of the trust and he said that it wasn't an intentional deception of the trust but as I say in the plea agreement he wasn't asked to admit and he didn't so he didn't repudiate admissions in the plea agreement but didn't he in other words the I'm sorry I was gonna didn't he say in the plea agreement that he used the 52 million dollars to obtain a loan for three hundred and four thousand dollars and then in his 2255 he said I have no idea what that money was for what I think he said in the 2255 is I and then there's a context to this trust instrument and to the ability of the trustees to be paid by the trust for their services and it was kind of a strange trust but it sounds as though these trustees could take fees and including I think in the case of the mortgage fees in advance or fees that against future trustee fees so I don't believe that that was a repudiation of the plea agreement in the sense of saying I didn't well the government says the way that he repudiated the plea agreement was that he asserted factual innocence under both possible theories of fraud honest services and intentional deception to say that I use the money to pay the mortgages is not to say I committed intentional deception it's just another piece of his breach of trust and self-dealing what if what if he then recants that fundamental principle about what what this money was this $300,000 was it's I think you can you could so how do you reconcile that I mean I would reconcile it this way your honor I this was a trust that was it was strange it wasn't like other trusts it was it was a strange trust okay and it seems to me that what these trustees did over the years was they accounted that first of all the the store was very very well cared for until the day she died so that piece of what that in purposes of the trust was that purpose was carried out the management of the trust the structure allowed the trustees to make many decisions as the as the officers of event code this company that held the trust assets and it seems to me that there was something of a pattern with respect to these trustees they could take advances against their fees and that would have what would be a form of self-dealing and in this case what we had was a situation where if you stepped too far in terms of the self-dealing at some point it was going to be a breach of your fiduciary duty and I don't think the bottom line is that even in his affidavit mr. Avery never repudiated that he stepped over that line and that's the thing that he would have had to repeat repudiate and without the protection of skilling for him to breach the agreement I'm sorry your client get to define the line I believe I believe that skilling sort of sets the line and I think that my clients conduct is conduct that falls into that category of conflict of interest in self-dealing that set by skilling that said to not be honest services fraud and that's what he theory and bringing the 2255 that he pled guilty to a crime that no longer exists I was a crime it was conduct that did not constitute a crime his amended petition made that very clear and that's what we're saying he did the government agrees I think in their brief that if that is what he did then that he didn't he may not have breached the agreement so did he tell the government after achieving success on the 2255 that he was ready to proceed with a revised version of the plea agreement he didn't that I know of and I don't know that I think the plea agreement obligated him to do that your honor so it is it your view that he could repudiate certain things as long as they weren't fundamental to the plea agreement at the outset the plea agreement set out what he had to admit and in our view he didn't essentially repudiate the things that he admitted it's just that those things were not a crime that is our position and I just quickly want to talk about how because he didn't breach the government has basically what constitutes a rescission clause and I just wanted to make two comments about that first the interests at stake in the plea negotiation process are to achieve justice whatever that term means and finality importantly for the defendant as well as for the government with less use of resources and if you allow rescission especially in a case like this because what we're saying is that he admitted conduct that doesn't in fact constitute honest services fraud the government now wants to get a second bite at the apple under the different theory of intentional deception and they think that their rescission provision should permit that and it's just as a policy matter the way we used to say in law school about public policy and contract provisions that should not be allowed because of these interests that are staking at stake in plea negotiation and and also this plea agreement didn't expressly say look there's these two theories of fraud and we and you're admitting honest services fraud but if for some reason your conviction is is vacated whatever verb you want to use because you're not guilty of honest services fraud we get to come after you for intentional deception it seems to me that if that's what the government means it better say that in a plea agreement and because they're the drafter of the agreement these terms are vague and should not be interpreted against my client I have two minutes now I quickly want to talk a little bit about the statute of limitations motion which is the other dispositive motion that my client filed we know that the law is that if the second charging instrument is substantially the same it will relate back to the first so what we have here is the information and we have the indictment and the government is relying very heavily on the Ninth Circuit's decision in Avery the original decision in Avery that sent the case back to the district court and we don't think that the language in that decision and we set it out in the brief tells us that this is a definite decision that that panel made that these that these that the indictment would relate back they didn't even have an indictment in front of them at that time there are two ways to look at this very quickly one is the text of the charging instruments and this is an information that alleged a scheme and artifice to defraud in one place it said to defraud of money and property and the intangible rights to honest services this would be an excerpt of record 184 to 186 and that's consistent with a charge charging a violation of one 1346 because all 1346 says is a scheme to deprive of honest services and of course only one in the information only one had to be proven and strikingly the information never says and I would challenge the court to look at the text of that information and find where it is said that my client made a false misrepresentation a false representation or omission to anyone what it says is there are many things he didn't do to protect the trust but it doesn't say that he lied or failed to tell somebody something important the then when they talk about the acts in execution of the scheme they talk about deprivation deprivation of honest services as a means to obtain money and property by means of depriving the trusts of their right to honest services and that's important we talk a little bit about means and how those are connected very closely and I've run out of time your honor if I could still have a minute or two for rebuttal may it please the court James Pierce of the United States defendant Mark Avery defrauded a trust out of more than 50 million dollars funds that he lavished on himself and his friends the district court correctly concluded that he was subject to prosecution and that the prosecution was neither time-barred or vindictive the resulting convictions are sound and should be affirmed now turning first to the plea agreement issue there are two independent grounds on which defendant Avery's claim falters and one I didn't hear my friend on this other address at all which is that unlike the plea agreements at issue in the barren or transfiguration cases the language in this plea agreement was both broad and unambiguously clear that under the circumstances in this case defendant Avery was subject to reprosecution and that language reads that if the guilty plea is a number of verbs vacated set aside withdrawn rejected etc or the for any reason at any time in any proceeding for any reason in the government would be free to prosecute the defendant Mr. Avery for any charges arising out of the investigation for which there is probable cause that's the end of the inquiry your argument is that claimed withdrawal of admissions is that's precisely our argument and that that language shows up twice first at excerpt of records 175 when it talks about the defendant's waiver and then again on the following page at 176 where it's what the United States agrees to do the first sentence my friend quoted which says the United States agrees in exchange for the defendant's guilty plea not to further prosecute the defendant the following sentence though is the one that I just quoted with the important transitional provided however in other words it's an exception to the agreement that says in the instance that there is the vaca tour of either the guilty plea or the sentence at any time in any proceeding for any reason then the defendant is subject or that the government is free to reprosecute for any charges for which there is probable cause there is no ambiguity in that language I read my friend's argument in the reply brief to be oh there's some sentence sets out the exchange but that language has to be read in context of the very clear second sentence providing that exception and again that exception is language that is quoted not only there but in the preceding page of the plea agreement setting out the defendants obligations if that that argument stands alone as to why the why reprosecution here was was satisfactory the court need not weigh into and determine whether there was in fact a agreement or not now of course we think that there is the district court so concluded and we rest that argument on to itself on sort of two independent grounds one there was quite a bit of discussion about which is did mr. Avery in his lengthy 140 page affidavit recant his factual guilt the answer to that is yes the court has already alluded to one piece of that this mention of the but there are a number of other places I would urge the court to look at pages 66 and 77 of that affidavit he sets out clearly I never lied or made misrepresentations to the trustees and later and I believe this is around pages 129 and page 130 the defendant says essentially I didn't even have access to make decisions about fundings a funding excuse me it was all this somewhat enigmatic character Robert Commander Kane those are clear factual recantations of the facts that were necessary to his plea agreement that's the first basis on which the he breached his plea agreement and the second the one on which the district court ultimately relied is by filing a 2255 in which he invokes an broad waiver of collateral attack and then specified two particular exceptions that mr. Avery was permitted a collateral attack based on an effective assistance claim and based on a voluntariness of plea claim not on an on a volunt excuse me not on an actual innocence claim and and the court's decision in Baron is not to the contrary so that decision which itself cites of the predecessor earlier decision in Sandoval Lopez talks about how as long as the defendant isn't walking away from his admitted conduct than an actual innocence claim wouldn't be a repudiation of the guilty plea but again we have that repudiation here and frankly going back to the Sandoval Lopez case that actually says look if the government wants to enforce a collateral attack waiver there needs to be that language in the plea agreement there wasn't that language in Sandoval Lopez and there in the transfiguration case it wasn't a collateral attack it was a dismissal of the information Baron that's not really a relevant aspect of that decision so that ground for finding breach is also permissible but again now we're just on sort of the breach of plea agreement side which this court in our view need not weigh into at all if it I'd like to say just something on statute limitations because my friend raised that as well look as I'm sure the court has and will again at the language of the information and the language of the indictment they are nearly identical and this court has said that the analysis is are we talking about the same elements the same offense sort of likely the same quantum of evidence and the same sentencing exposure same offenses it's true that the plea agreement referred to 1346 on a services fraud but as this court knows on a services fraud is itself contingent on a wire or mail fraud theory and so it was on a services fraud in conjunction with a wire fraud theory so what is he then charged with after his success in the earlier version he's charged with wire fraud yes it's the money and property version because skilling takes off the services without a bribe or a kickback but those elements that it's are at the core are the same the punishments are the same the description of what he is charged with is the same and that kind of gets back to the core question in a statute of limitations analysis is notice is the defendant on notice of what he is to defend himself against this court in numerous decisions I think the Sears Roebuck is a older but pretty straightforward recounting of look you know even in that case there was a change of false statement from one provision to the other but the court acknowledged this guy's being charged with making false statements here the defendant was charged with defrauding the trust and the trustees for his own benefit and that is why the information told the the statute of limitations period and made the indictment itself timely there are a number of other arguments that he's put forward that my friend didn't address but if the court has any questions as to any of those I stand ready to answer them I also am happy to yield the balance of my time to the court thank you thank you very much thank you your honor the phrase at any time for any reason the way the defense is going to make the promise not to prosecute completely illusory in our view and that is not a promise that this court should enforce as part of this plea agreement and it should not bar my client from getting specific performance I mean it's basically saying we won't prosecute you except if for some reason you're not convicted of this anymore we're going to prosecute you that's pretty much what it says and that is not it doesn't matter what the reason is but we know that it doesn't breach a plea agreement to come in and say that my admitted conduct does not constitute a crime the there are some references and I just want to go back to the in these in this sealed affidavit and I just wanted to refer the court to paragraph 622 of the sealed affidavit with respect to my clients view about the mortgage I think it bears out the that the way this trust work there could be an advance there could be there could be use of trust money as an advance against fees I think that that's what paragraph 622 suggests the case just argued United States versus Avery is submitted thank both of you for coming to Alaska for this and miss son it looks like you're welcome back for the next case as well
judges: Hawkins, McKeown, Owens